UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GERARD L. DUREN,

                                          Plaintiff,          Case # 23-CV-6066-FPG

v.                                                                  DECISION AND ORDER

SGT. DROSA, et al.,

                                          Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Gerard L. Duren brings this civil rights action against Sergeant Roser,[1] Deputy Smith, and Deputy Lombardo (collectively, "Defendants"), claiming failure to protect pursuant to 42 U.S.C. § 1983. ECF No. 1 at 3. On October 23, 2024, Defendants moved for summary judgment. ECF No. 15. Plaintiff has not responded. For the reasons that follow, Defendants' motion for summary judgment is GRANTED.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party

---

[1] Plaintiff refers to a Sergeant "Rosa," "Drosa," or "Derosa," which is reflected in the case caption. ECF No. 1 at 6-7. Defendants clarify that the correct name is Roser. ECF No. 15-18 at 1.

"may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

"Where, as here, a summary judgment motion is unopposed, uncontroverted facts in the moving party's statement pursuant to Local Rule 56.1 are deemed admitted." *Siler v. Walden*, No. 20-CV-05794, 2023 WL 3871999, at *4 (S.D.N.Y. June 7, 2023), *reconsideration denied*, 2023 WL 5152701 (S.D.N.Y. July 21, 2023); *see also Fate v. Petranker*, No. 19-CV-5519, 2022 WL 2672317, at *1 (S.D.N.Y. July 8, 2022) ("Statements made by [d]efendant that are supported by admissible evidence and not refuted by [p]laintiff are deemed admitted."). Nevertheless, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). "Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014); *Oliver v. Gilmore*, No. 13-CV-490A, 2014 WL 6387352, at *4 (W.D.N.Y. Nov. 14, 2014) ("This Court cannot automatically grant summary judgment merely upon an opponent's failure to respond to a movant's statement of material facts, but if the record supports the unopposed statements of fact, summary judgment is appropriate.").

Moreover, *pro se* litigants "must be given extra latitude, particularly on a summary judgment motion." *Barrett v. Moody*, No. 19-CV-190, 2023 WL 2898310, at *6 (W.D.N.Y. Feb. 23, 2023), *report and recommendation adopted*, 2023 WL 2898659 (Apr. 10, 2023) (internal quotation marks omitted); *Coley-Allen v. Strong Health*, 828 F. Supp. 2d 582, 584-85 (W.D.N.Y. 2011) ("While the motion is unopposed, the Court has nonetheless examined the record in detail,

remaining mindful of the standards relevant to deciding a motion for summary judgment, and granting plaintiff every favorable inference as a *pro se* litigant, and as a non-movant."). "[A]n unopposed summary judgment motion in a *pro se* action may be granted where (1) the *pro se* litigant has received adequate notice that failure to file any opposition may result in the entry of summary judgment without trial,[2] and (2) the court is satisfied that 'the facts as to which there is no genuine dispute show that the moving party is entitled to summary judgment as a matter of law.'" *Taylor v. Consol. Rail Corp.*, 166 F. Supp. 2d 652, 654 (N.D.N.Y. 2001) (quoting *Champion v. Artuz,* 76 F.3d 483, 485 (2d Cir. 1996)); *Lue v. JPMorgan Chase & Co.*, 768 F. App'x 7, 10 (2d Cir. 2019) (summary order) ("Where a motion for summary judgment is unopposed, summary judgment is proper only if the court is satisfied that the moving party has met its burden with sufficient support in the record evidence.").

## BACKGROUND

### I.    The Material Facts are Undisputed

In this case, Defendants served their Motion for Summary Judgment on Plaintiff, which included a Rule 56 Statement of Undisputed Facts and a "Notice to Pro Se Litigant Regarding Rule 56 Motion for Summary Judgment" to alert Plaintiff to the procedural requirements of summary judgment motions and the consequences of not responding. ECF Nos. 15-17, 15-19, 15-20. In

---

[2] The Court here informed Plaintiff of the deadline to file a response and that failure would result in the motion being deemed unopposed and his complaint potentially being dismissed without trial. ECF No. 16. This order was mailed to Plaintiff. *Id*. The Court is thus satisfied that Plaintiff has received adequate notice of the consequences of non-opposition to the motion for summary judgment. *Jackson v. Jackson*, No. 16-CV-08516, 2021 WL 981849, at *5 (S.D.N.Y. Mar. 16, 2021) (finding adequate notice where *pro se* plaintiff "was warned that failure to file an opposition would result in the [c]ourt concluding that the motion was unopposed"); *Taylor v. Consol. Rail Corp.*, 166 F. Supp. 2d 652, 654 (N.D.N.Y. 2001) (finding sufficient notice where the court "thoroughly explained both the procedures plaintiff should follow if he wished to proceed *pro se* and oppose the summary judgment motion, and the consequences that would result if plaintiff failed to timely submit opposition papers").

addition, the Court's Scheduling Order advised Plaintiff of the consequences of not responding to Defendants' Motion. ECF No. 16.

Despite this, Plaintiff failed to file an opposing statement contesting Defendants' Statement of Undisputed Facts or otherwise respond to the Motion. Having reviewed Defendants' Statement and finding it satisfactory, *see Jackson*, 766 F.3d at 195, the Court adopts Defendants' Rule 56 Statement as the undisputed facts of the case. *See Xerox Corp. v. Southwest Direct, Inc.*, No. 15-CV-6245, 2016 WL 3766425, at *2 (W.D.N.Y. July 8, 2016) (citing *Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998)).

## II.   Undisputed Facts of the Case

The following allegations are taken from Defendant's Statement of Undisputed Facts, Plaintiff's complaint and deposition testimony, and Defendants' sworn declarations. *See* ECF No. 15-17. Plaintiff testified that, in November 2022, while Plaintiff was residing in the Monroe County Jail, another inmate passed Plaintiff a written note which the inmate claimed to have discovered in their cell. ECF No. 15-2 at 15:11-17:11. The note stated, "These are the people that need to be taken care of," along with five names—one of which was Plaintiff's. *Id*. at 19:15-20:14. Plaintiff believed the note to be a hit list created by the Bloods gang, possibly as retaliation for an earlier fight between Plaintiff and an alleged Bloods member. *Id*. at 25:21-26:4, 119:19-120:1.

The undisputed facts state the following concerning Plaintiff's subsequent interactions with Defendants:

1. Plaintiff informed Smith that he "couldn't live" in his block and wished to move. ECF No. 15-17 ¶ 7. Smith asked for more information, but Plaintiff did not provide any specific details as to why he wished to be moved or the possible threat against him. *Id*. ¶¶ 9-12.
2. Plaintiff spoke to Lombardo and repeated his request to be moved. *Id*. ¶ 16. When asked why, Plaintiff stated that "he heard that people were calling him a murderer." *Id*. ¶ 18. Plaintiff did not provide any further details as to his reason for a relocation. *Id*. ¶¶ 19-23.

3. Roser, who worked in a supervisory capacity on the same detail as Smith and Lombardo (though not on the same shift), *id*. ¶¶ 3-6, did not receive any communications concerning Plaintiff's fear of attack or desire to move. *Id*. ¶¶ 16, 24-27.
4. After Plaintiff made the above requests to be moved, he was attacked by another inmate. *Id*. ¶ 27. Plaintiff had never had an altercation with this inmate or been threatened by him previously. *Id*. ¶¶ 28-29.

Plaintiff testified that the assailant inmate was a member of the Bloods. ECF No. 15-2 at 56:10-14. However, Plaintiff also testified that he and said inmate had previously been on friendly terms. *Id*. at 55:9-56:14

In October 2024, Plaintiff filed the present action *pro se*, asserting a failure-to-protect claim pursuant to Section 1983. ECF No. 1. Defendants now move for summary judgment on Plaintiff's claims, arguing that there is no issue of material fact.[3] ECF No. 15-18. As noted above, Plaintiff has failed to respond to the motion despite the Court's notice.

## DISCUSSION

It is well settled that "the Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir.1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)); *Heisler v. Kralik*, 981 F. Supp. 830, 837 (S.D.N.Y. 1997) ("[P]rison officials have a constitutional duty to act reasonably to ensure a safe environment for a prisoner when they are aware that there is a significant risk of serious injury to that prisoner."). To sustain a failure-to-protect claim, an inmate must demonstrate that (1) he was incarcerated under conditions posing a substantial risk of serious harm; and (2) prison officials were deliberately indifferent to that risk. *Randolph v. Griffin*, No. 12-CV-745S, 2014 WL 3548967, at *6 (W.D.N.Y. July 17, 2014) (citing *Hayes*, 84 F.3d at

---

[3] Defendants also argue that they are shielded by qualified immunity. ECF No. 15-18 at 17-19. Because the Court agrees that summary judgment is warranted on the merits, it declines to address the qualified immunity argument.

620).  "Negligence on behalf of a defendant is insufficient to state a constitutional claim." *Lawrence v. Rodak*, No. 11-CV-6115, 2014 WL 4829418, at *2 (W.D.N.Y. Sept. 29, 2014).

To establish deliberate indifference, an inmate must show both that the official knew that the inmate faced a substantial risk of harm and that the official disregarded that risk by failing to take measures to abate the harm. *Randolph,* 2014 WL 3548967, at *6.  "In other words, the prison official must have had a sufficiently culpable state of mind amounting to at least deliberate indifference." *Lawrence v. Rodak*, No. 11-CV-6115, 2014 WL 4829418, at *2 (W.D.N.Y. Sept. 29, 2014) (internal quotation marks omitted).  As relevant here, "[a] prison official demonstrates deliberate indifference when he has actual or constructive notice of a specific risk to an inmate's safety and fails to take steps to protect the inmate from injury." *Nicholson v. Fischer*, No. 13-CV-6072, 2014 WL 6669913, at *2 (W.D.N.Y. Nov. 10, 2014).  For a failure-to-protect claim, "a particularized threat to the inmate's safety is required."[4]  *Ramlogan v. White*, No. 20-CV-5879, 2024 WL 1313417, at *6 (S.D.N.Y. Mar. 27, 2024).  "Generally, an inmate alleging a failure-to-protect claim against prison employees based on an assault by another inmate must establish that the prison employees knew that either (a) a prior altercation between the plaintiff and her assailant had occurred, or (b) threats had been made against the plaintiff by the assailant." *Cameron v. Menard*, No. 18-CV-204, 2024 WL 5290934, at *8 (D. Vt. July 1, 2024), *report and recommendation adopted*, 2024 WL 5165447 (D. Vt. Dec. 19, 2024) (collecting cases).

In his complaint, Plaintiff alleges that Defendants failed to protect him against assault from his fellow inmates.  ECF No. 1.  Defendants move for summary judgment, arguing that there is no dispute of material fact as to Plaintiff's failure-to-protect claim.  The Court agrees with Defendants.

---

[4] The exception is where a plaintiff alleges that defendants "failed to protect him against a general risk of harm to all inmates at the facility." *Parris v. New York State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013). Plaintiff does not allege as much here, however.

Plaintiff alleges that he had learned of a threat against him after having been given a purported hit list that included his name. However, the crux of a failure-to-protect claim is the knowledge of Defendants, not Plaintiff. First, the Court notes that there is nothing in the record suggesting a prior altercation between Plaintiff and the inmate who attacked him, nor is there any evidence that Plaintiff knew that this inmate in particular posed a threat to him—indeed, Plaintiff describes them having been on friendly terms. ECF No. 15-2 at 55:9-56:14; *see Zimmerman v. Macomber*, No. 95-CV-882, 2001 WL 946383, at *6 (S.D.N.Y. Aug. 21, 2001) (granting summary judgment where there was "no evidence of any prior problem between [p]laintiff and his attacker of which any [d]efendants were or should have been aware").

Even assuming that the alleged hit list was a sufficient threat against Plaintiff's safety, however, it comes to naught if Defendant lacked requisite knowledge of the danger. The undisputed facts here state that Plaintiff told Smith and Lombardo that he felt unsafe and wished to move, but did not provide further details as to the threat against his safety when asked. ECF No. 15-17 ¶¶ 7-23. Such vague claims do not form the sufficiently "particularized threat" required for a failure-to-protect claim. *Ramlogan*, No. 2024 WL 1313417, at *6; *see also Shell v. Brun*, 585 F. Supp. 2d 465, 470 (W.D.N.Y. 2008) (granting summary judgment because plaintiff failed to show "that defendants knew of a particularized threat to his safety" where plaintiff had voiced concerns about potential harm but not identified a specific threat). As for Roser, the undisputed facts show that Plaintiff never directly contacted Roser and Roser was unaware of any threats against Plaintiff. ECF No. 15-17 ¶¶ 27-29. In short, the evidence does not show that Defendants had "actual or constructive notice of a specific risk to [Plaintiff's] safety" and, therefore, Plaintiff is unable to show deliberate indifference. *Nicholson*, 2014 WL 6669913, at *2; *see also Charles v. Rockland Cnty. Off. of the Sheriff*, No. 16-CV-166, 2019 WL 1299804, at *3 (S.D.N.Y. Mar.

21, 2019) ("[C]ourts have routinely denied failure-to-protect claims when a defendant did not know an inmate faced an attack by another inmate.") (internal citations and quotation marks omitted).  Accordingly, no reasonable factfinder could find in Plaintiff's favor on his failure-to-protect claims, and Defendants are entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (ECF No. 15) is GRANTED.  The Clerk of Court is directed to enter judgment in favor of Defendants and close the case.

IT IS SO ORDERED.

Dated: June 18, 2025
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court